UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. SANDS,

       Plaintiff,                     No. 16-12860

v.                               District Judge Mark A. Goldsmith
                                   Magistrate Judge R. Steven Whalen

MEGAN J. BRENNAN, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is the Defendant's Motion for Summary Judgment [Doc. #45], filed by Defendant Megan J. Brennan, Postmaster General, U.S. Postal Service, and Plaintiff's motion for Summary Judgment [Doc. #48], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendant's motion [Doc. #45] be GRANTED and that Plaintiff's motion [Doc. #48] be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights action pursuant to the Rehabilitation Act 29 U.S.C. § 794 *et seq*. Plaintiff Michael J. Sands was a maintenance mechanic at the USPS's Detroit Priority Mail Facility in Romulus, Michigan. *Motion to Consolidate Cases* [Doc. #19], Exhibit C – Denial of Appeal of 2013 EEO. Plaintiff brought three Equal Employment

Opportunity (EEO) complaints arising out of his allegations. Plaintiff claims that the Postal Service discriminated against him on the basis of disability and past EEO activity when: (1) the United States Postal Service (USPS) sent Plaintiff to an independent medical examiner for a fitness-for-duty examination and, based on the doctor's finding that he was not fit for duty, he was placed in leave-without-pay status until he could show compliance with psychiatric regimen; (2) USPS denied Plaintiff's request to return to work two years later when he failed to provide the medical documentation of compliance with the psychiatric regimen; and (3) USPS separated Plaintiff from employment after more than three years in leave-without-pay status. [Doc. #45], Defendant's Brief, Pg ID 564, p. 7.

## A. First EEO Complaint (2010)

On July 26, 2010, plaintiff filed his first EEO complaint (Agency No. 1-J-483-0041-10, EEOC Case No. 471-2-11-00090X). *Defendant's Motion for Summary Judgment* [Doc. #45], Exhibit B – 2010 EEO Complaint. Plaintiff alleged that Manager of In-Plant Support, Timothy Robertson, and Manager of Finance, Deborah Gruschow, discriminated against him because of his disability, PTSD, when, from December 2008 to March 2010, they precipitated his mental breakdown through inadequate staffing and working conditions, failed to protect him from taunting by others, deactivated his badge for security reasons, and went to his home in the middle of the night and sexually assaulted him. *Motion to Consolidate Cases* [Doc. #19], Exhibit A – FAD in 2010 EEO, Pg ID 185, 194-196, pp. 1, 10-12. The Redford Police Department completed an

investigation report on October 6, 2009, and the case status was "suspended". *Id*. at Pg ID 197, p. 13.

On January 12, 2011, Mr. Robertson signed a typed unsworn statement that stated that Plaintiff shouted at him from end of the hallway, "There is the crook, he should be put in jail" and "wipe that stupid smirk off your face, you should be in jail". *Id*. at Pg ID 201, p. 17.  Mr. Robertson stated that Plaintiff was "very upset and seemed to be in a confused state." *Id*.

On or about February 25, 2011, Plaintiff's supervisor requested that he undergo a fitness-for-duty examination due to plaintiff's behavior in the workplace. *Id*. at Pg ID 200, p. 16. On March 2, 2011, Plaintiff attended the fitness-for-duty examination with Dr. Kenneth Kron, M.D., who concluded that he was not fit for duty and would need to see a psychiatrist and receive medical treatment on a regular basis. *Id*. at Exhibit F – IME Report of Kenneth Kron, M.D. Dr. Kron stated that Plaintiff's symptoms were consistent with an element of psychosis and that he was preoccupied with psychotic thought process. *Id*. at Pg ID 266, p. 5. Dr. Kron recommended that Plaintiff not return to work, that he participate in regular psychiatric treatment and consultation, and comply with neuroleptic and antipsychotic medication. *Id*. at Pg ID 267, p. 6. On March 7, 2011, Human Resources Manager Lee Ward sent Plaintiff a memorandum based upon his fitness for duty examination, stating that it has been determined that you are "not Fit For Duty at this time." *Id*. Exhibit A at Pg ID 200-201, pp. 16-17; [Doc #45], Exhibit I – Ward Letter, Pg ID 637, p. 1. At that time, Plaintiff was escorted from the premises. [Doc. #19], Exhibit A at Pg ID 200, p. 16.

-3-

In order for the Plaintiff to return to work, USPS doctor Nisha Parulekar, MD, advised that he needed to "provide from your treating psychiatrist, documentation related to your mental illness status including diagnosis, medication regiment and plan for follow up treatment before returning to work." [Doc. #45], Exhibit M – Parukelar Letter, Pg ID 644, p. 1. Further, Plaintiff was advised "to provide the proof of compliance with the medication treatment and psychotherapy monthly basis from your psychiatrist and psychotherapist." *Id*. On March 18, 2011, Plaintiff amended his 2010 EEO complaint to add the allegation that the fitness-for-duty exam and removal from the premises were in retaliation for filing an EEO complaint. [Doc. #19], Exhibit A at Pg ID 205, p. 2; [Doc. #45], Exhibit B at Pg ID 622, 625, p. 4, 7.

The EEOC conducted an investigation of plaintiff's complaint and issued a report on June 29, 2011. [Doc. #19], Exhibit A at Pg ID 186, p. 2. Plaintiff had thirty days to request a hearing before an Administrative Judge of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing. *Id*. Although Plaintiff initially requested a hearing, he withdrew his request and requested a final agency decision instead. *Id*. On October 31, 2011, the Agency found that the Plaintiff was not subjected to discrimination and closed the case. *Id*. at Pg ID 223, p. 39. Plaintiff did not appeal. *Id*. Exhibit C – Denial of Appeal of 2013 EEO, Pg ID 242, p. 4.

**B. Second EEO Complaint (2013)**

On or about May 1, 2013, Plaintiff submitted a letter to Alesia Hope, Manager of Maintenance Operations for the Detroit Post Office, requesting to return to work. *Id*. Exhibit B – Order Granting SJ of 2013 EEO, Pg ID 237, p. 14. Ms. Hope forwarded the

-4-

Plaintiff's request to Dr. Elaine R. Ferguson, M.D., the Agency's Senior Area Medical Director for the Great Lakes Area. *Id*. After reviewing Plaintiff's request as well as Dr. Kron's 2011 psychiatric fitness for duty report regarding Plaintiff, Dr. Ferguson advised the Detroit District that Plaintiff did not comply with the requirements set forth in 2011 and recommended that he not be allowed to return to work. *Id*. Dr. Ferguson further sent Plaintiff a letter on May 29, 2013, addressing that Plaintiff needed to provide her the following:

(1)     The medical documentation related to his condition from Dr. Sacks as it remains a condition of his return to work;

(2)     A copy of the counseling/psychiatric treatment records he provided to Dr. Howard Shapiro, M.D.;

(3)     Records from 2011 to the present regarding treatment for his psychiatric condition from Marshall Sack, D.O., and any other psychiatrist; and

(4)     A statement with his current diagnosis from Dr. Howard Shapiro, indicating that Plaintiff is not a risk of harm to himself or others, and his current treatment-psychotherapy and medication.

 [Doc. #45], Exhibit O – Ferguson Letter, Pg ID 646-47, p. 1-2. Because Plaintiff failed to provide the requested documentation, he was not permitted to return to work. *Id*. Exhibit K – Parukelar Letter, Pg ID 644, p. 1; *Id*. Exhibit L – Nardone Letter, Pg ID. 643, p 1. Plaintiff remained on leave without pay status. [Doc. #19], Exhibit B at Pg ID 237, p. 14.

On September 3, 2013, Plaintiff filed an EEO complaint based on the denial of his request to return to work. [Doc. #45], Exhibit C at Pg ID 626, p. 1. In his complaint, Plaintiff alleged that the USPS discriminated against him on the bases of his PTSD and prior EEO activity. [Doc. #19], Exhibit C at Pg ID 241, p. 3. An investigation was conducted and a report of investigation was issued. *Id*.

On June 20, 2014, EEOC Administrative Judge Deborah M. Barno concluded that there was no comparative evidence in the record or evidence showing that the Agency's actions may have been motivated by discrimination, and that the Plaintiff could not establish a *prima facie* case of disability discrimination. *Id*. Exhibit B – Order Granting SJ of 2013 EEO, Pg ID 233, p. 10. She further concluded that even if Plaintiff could establish his *prima facie* case, the Agency had articulated a legitimate, non-discriminatory reason for not allowing him to return to work because he failed to present any document with his May 2013 Request to Return to Work. *Id*. Administrative Judge Barno also added that the record showed that the individuals involved in processing and denying the Plaintiff's May 2013 Request to Return to Work had no knowledge of his prior EEO activity, and therefore, could not have acted and made this decision in retaliation for Plaintiff's prior EEO activity. *Id*. at Pg Id 234-235, pp. 11-12. Administrative Judge Barno granted the Agency's motion for summary judgment. *Id*. at Pg ID 235, p. 12. On July 9, 2014, Plaintiff filed an appeal in the EEOC Office of Federal Operations (OFO), which affirmed Administrative Judge Barno's decision. *Id*. Exhibit C at Pg ID 245, p. 7.

**C. Third EEO Complaint (2015)**

On August 8, 2014, Plaintiff was sent a letter from Detroit Maintenance Manager

Alesia Hope entitled "Employee Interview – Separation/Non-Pay Status" advising him

that he was scheduled for a telephone interview on August 14, 2014. *Id*. Exhibit E –

Order Granting SJ of 2015 EEO, Pg ID 256-257, pp. 7-8. The letter advised Plaintiff that

he had been in a leave without pay status for over one year and that an employee, who

has been absent because of illness, may be separated from the Postal Service. [Doc. #45],

Exhibit F – Employee Interview Letter, Pg ID 632, p. 1. On September 17, 2014, the

Postal Service sent Plaintiff a letter entitled "Notice of Proposed Separation" setting out

Plaintiff's options to consider in lieu of being involuntarily separated. *Id*.  Exhibit G –

Notification of Proposed Separation, Pg ID 633, p. 1. In his response, Plaintiff elected to

take a disability separation. [Doc. #19], Exhibit E at Pg ID 257, p. 8.

On December 19, 2014, Plaintiff was issued a "Notice of Separation/Non-Pay

Status One Year", which advised him that the Postal Service records showed he had been

in a leave without pay status since June 6, 2011, and he would be separated from the

Postal Service effective January 23, 2015. *Id*.; [Doc. #45], Exhibit H – Notice of

Separation, Pg ID 635, p. 1.

On February 9, 2015, Plaintiff submitted his third EEO complaint. [Doc. #45],

Exhibit D – 2015 EEO Complaint, Pg ID 629, p. 1. He alleged that he was fraudulently

"taken off the [rolls]" and claimed he was the victim of disability discrimination and

retaliation. *Id*. An investigation was conducted, and a Report of Investigation was issued.

[Doc. #19] Exhibit E at Pg ID 255, p. 6. On November 22, 2016, Administrative Judge

Barno granted summary judgment in favor of the Agency and noted that the re-examination of Plaintiff's arguments from his 2010 and 2013 EEO complaints were barred by *res judicata*. *Id*. at Pg ID 261, p. 12.

**D. Plaintiff's Federal Court Complaints**

On August 3, 2016, Plaintiff filed his first complaint in this case, Case No. 16-12860. *Complaint* [Doc. #1]. He alleged disability discrimination based on PTSD. *Id*. at Pg ID 2, p. 2. On February 28, 2017, Plaintiff filed a second federal district court case based on his 2015 EEO complaint. Case No. 17-10631, [Doc. #1]. There, Plaintiff alleged disability discrimination based on PTSD and retaliation. *Id*. at Pg ID 4-5, pp. 4-5. On April 26, 2017, the two cases were consolidated under this case number, (Case No. 16-12860). *Order granting Motion to Consolidate Cases* [Doc. #22]. Both parties have engaged in discovery, exchanged interrogatories and document requests, and the deposition of Plaintiff was taken. [Doc. #45] Defendant's Brief at Pg ID 573, p. 16.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322-23.

**I.    ANALYSIS**

**A. The Rehabilitation Act**

The Rehabilitation Act, governed by 29 U.S.C. § 794, *et seq.*, provides the remedy for a federal employee alleging disability-based discrimination. *Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004). Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be

excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity … conducted by … the United States Postal Service." 29 U.S.C. § 794(a). The statute further states, in pertinent part, that "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under… the Americans with Disabilities Act of 1990." 29 U.S.C. § 794(d). *See also McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459-60 (6th Cir. 1997) ("By statute the Americans with Disabilities standards apply in Rehabilitation Act cases alleging employment discrimination.").

### 1.  The 2010 EEO Complaint

The Rehabilitation Act requires exhaustion of administrative remedies before proceeding to federal court.  *Smith v. U.S. Postal Service*, 742 F.2d 257 (6th Cir. 1984). Federal regulations set forth an administrative process that begins with the filing of a complaint with an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory act.  29 C.F.R. § 1614.105(a), and concludes with final agency action on the complaint.  29 C.F.R.  § 1614.110.  A plaintiff may appeal the agency's final decision by requesting a hearing before the EEOC within 30 days of the agency's decision, or may obtain a final agency decision without a hearing.  In the context of the present case, any federal action would have to be filed (1) within 90 days of the notice of the agency's final decision, or (2) within 90 days of the EEOC's decision, if the Plaintiff has appealed to the EEOC.  29 C.F.R. §§ 1614.407(a) and (c).

In this case, the agency issued a report on June 29, 2011. *See* Motion to Consolidate Cases [Doc. #19], Exhibit A, Pg. ID 186.  Plaintiff initially requested a hearing, but withdrew that request. *Id.* The agency then issued its final decision rejecting Plaintiff's claims of disability discrimination and retaliation on October 31, 2011. *Id.* Pg. ID 185, 221.  Plaintiff did not administratively appeal that final decision.  Therefore, under 29 C.F.R. § 1614.407(a), he had 90 days from October 31, 2011, or until January 31, 2012, to file his complaint in this Court. Instead, he filed on August 3, 2016, four and one-half years late.  Any claims related to his 2010 EEO complaint must therefore be dismissed.

## 2. The 2013 EEO Complaint

Because Plaintiff attempts to support this claim by presenting circumstantial evidence, he must first "establish a prima facie case, following the familiar *McDonnell Douglas* burden-shifting." *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1104-05 (6th Cir. 2008).  In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court held that first, the plaintiff has the burden of proving by the preponderance of evidence a prima facie case of discrimination. *Id.* at 802. This can be satisfied by showing that (1) he is disabled; (2) otherwise qualified for the position; (3) suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996). If the Plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate some legitimate,

nondiscriminatory reason for the employee's rejection. *McDonnell Douglas Corp.,* 411 U.S. at 802. Should the employer carry this burden, the burden shifts back to the plaintiff to prove that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination. *Id*. at 804; *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).

Regarding the 2013 EEO complaint, there is no direct evidence that the USPS relied on Plaintiff's disability in making an adverse employment decision or that the USPS admits reliance on the handicap. Plaintiff has failed to provide evidence that he was discharged solely by reason of his disability. In fact, in his deposition, Plaintiff denied that his manager, Lee Ward, denied his return to work in 2013 because of his PTSD:

> Q.     So let me ask you, you're claiming in this lawsuit, isn't that correct, that Mr. Ward made the decision not to allow you to return to work in May 2013 because of your PTSD, right?
>
> A.     No. Mr. Ward made the decision to keep me out of work as an involuntary suspension. He used it as a disciplinary tool.
>
> Q.     Yes, but aren't you claiming that he did that because of your PTSD?
>
> A.     I—I'm not—well—
>
> Q.     Or maybe you're not, but let's just get that clear.

*Id*. at 105: 8-18.

> Q.     Do you believe that Mr. Ward thought to himself this guy has PTSD, therefore I'm going to punish him by not allowing him back to work?
>
> A.     No. I believe that he just didn't want me back to work period.

*Id*. at 107: 6-10.

Further, Plaintiff also admitted that he did not have any evidence to support his theory

that the USPS denied his request to return to work based on his PTSD.

> Q.    What is your evidence that [Manager Lee Ward's] decision was
> based upon, even in part, your PTSD, the decision to keep you out of
> work in May 2013?
>
> A.    The evidence that I have that he made the decision based on PTSD. I
> don't know exactly if was—okay. I'm trying to think of all the
> evidence that's there. I mean I know I got the evidence showing that
> Mr. Ward was the decision maker in all three.
>
> Q.    That's not the question [whether] he was the decision maker.
>
> A.    I understand.
>
> Q.    The question was-
>
> A.    (Interposing) I believe—
>
> Q.    Hold on. Let me just speak, please. The question is what's the
> evidence that he made the decision because of your PTSD?
>
> A.    I don't know if I have any evidence. I'd have to review the case. I
> don't have any particular evidence that suggests or proves that it was
> based on the PTSD.

*Id*. at 108: 14 – 109: 8. Based on this testimony, Plaintiff does not provide any

evidence that the denial of his 2013 request to return to work was because of his

PTSD. Plaintiff had failed to comply with the initial directive by Dr. Parukelar to

provide monthly reports of compliance with his psychiatric regimen. [Doc. #19],

Exhibit C – Denial of Appeal of 2013 EEO; [Doc. #45], Exhibit J – Ferguson EEO

Affidavit, Pg ID 639-640, p. 2-3; *Id*. at Exhibit K – Parukelar Letter. Thus,

USPS's refusal to allow Plaintiff to return to work in 2013 was not "solely by

reason of" his disability.

In this matter, Plaintiff cannot make out his *prima facie* case of discrimination. Plaintiff has failed to offer any evidence that the USPS sought out other employees to replace him or that any other similarly-situated employees were treated more favorably than him. Plaintiff has not submitted any evidence that shows that another employee failed a fitness-for-duty exam, failed to comply with the recommendations, and then was allowed to return back to work. Back in 2013, Plaintiff was not allowed back to work because he did not submit the required documentation in compliance with medical treatment required.

### 3. The 2015 EEO Complaint

Likewise, Plaintiff has not provided any evidence that his removal from the employment rolls in 2015 was because of his PTSD. Plaintiff had been in a leave without pay status since June 6, 2011 and was separated effective January 23, 2015. [Doc. #19], Exhibit E – Order Granting SJ of 2015 EEO, Pg ID 257, p. 8; [Doc. #45], Exhibit H – Notice of Separation, Pg ID 635, p. 1. According to the Postal Service, Plaintiff was separated from employment in accordance with its regulations because he was in a leave without pay status for more than one year. [Doc. #19], Exhibit E at Pg ID 260, p. 11. Plaintiff has not brought forth any evidence that another employee was taken off the employment rolls for more than a year and was allowed to return back to work.

Plaintiff has failed to establish a *prima facie* case of discrimination in violation of the Rehabilitation Act. Thus, his claim of disability discrimination must be dismissed.

## B.  Retaliation claim

The Rehabilitation Act prohibits recipients of federal funds from retaliating against an employee who has filed a complaint against the employer about disability discrimination or has requested a "reasonable accommodation" for his or her disability. *A.C. ex rel J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013). A *prima facie* case of retaliation requires a showing of four elements: "(1) the plaintiff engaged in legally protected activity; (2) the defendant knew about the plaintiff's exercise of this right; (3) the defendant then took an employment action adverse to the plaintiff; and (4) the protected activity and the adverse employment action are causally connected." *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). "The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Carrying this burden would create a presumption that the USPS retaliated against Plaintiff for his protected conduct. *Gribcheck,* 245 F.3d at 550. The burden then shifts to the USPS to show that it had a legitimate, nondiscriminatory reason for its adverse action in order to rebut this presumption of retaliation. *Id*. If USPS carries this burden, the burden shifts back to Plaintiff to "prove by a preponderance of evidence that the reasons offered by the employer were a pretext" for discrimination. *Id*.

Plaintiff does not assert that the denial of his 2013 request to return to work was credited to retaliation. As for his 2015 EEO complaint, Plaintiff asserts that the decision to take him off the employment rolls in 2015 was in retaliation for earlier EEO activity. (Case No. 17-10631, Doc. #1, Pg ID 5). However, Plaintiff did not produce any evidence of a causal link between his earlier EEO activity and being removed from the rolls. Even if Plaintiff could make out a *prima facie* case, USPS articulated their non-discriminatory reason for taking him off the rolls since he was in non-pay status for more than a year. [Doc. #19], Exhibit E at Pg ID 260, p. 11. Plaintiff has not provided any evidence that the reason offered by USPS was a pretext for discrimination. Because Plaintiff failed to carry his burden, the retaliation claim must therefore be dismissed.

## III. CONCLUSION

For these reasons, I recommend that the Defendant's motion for summary judgment [Doc. #45] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff's motion for summary judgment [Doc. #48] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987). Pursuant to E.D. Mich. LR 7.1(d)(2), a copy of any objections is to be served upon

this Magistrate Judge.

      Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.


Dated: July 26, 2018             s/R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE


## CERTIFICATE OF SERVICE

      I hereby certify on July 26, 2018 that I electronically filed the foregoing paper
with the Clerk of the Court sending notification of such filing to all counsel registered
electronically.  I hereby certify that a copy of this paper was mailed to non-registered
ECF participants on July 26, 2018.


                            s/Carolyn M. Ciesla
                            Case Manager for the
                            Honorable R. Steven Whalen