United States District Court
Eastern District of Michigan
Southern Division

Michael J. Sands
    Plaintiff

16-12860
No. ~~16-12680~~

v.

District Judge Mark A. Goldsmith
Magistrate Judge R. Steven Whalen

Megan J. Brennan, Postmaster
General, US Postal Service
    Defendant

## Plaintiff's Appeal of Mag. Judge R. Steven Whalen's Ruling of Plaintiff's Motion for Summary Judgement Supported by the Plaintiff's Objections

Plaintiff Michael J. Sands, herein known as the Plaintiff, brings this appeal before the District Court due to the fact that under Mag. Judge R. Steven Whalen's ruling Persons with Mental Disabilities have no rights or protections in employment

### Factual Background of Plaintiff's Cases

The Plaintiff brought three separate EEOC Cases against the U.S. Postal Service stemming from the discriminatory and criminal actions by the defendant against the Plaintiff. When the defendant found out that the Plaintiff's first EEOC Case was going forward, the Plaintiff was directly retaliated against, harassed and forced by the managers who were involved in the EEOC Case to attend a Psychiatric Fitness for Duty Exam. Theses same managers made false and misleading statements, that they then submitted to the Fitness for Duty Examiner. Based on these statements, the examiner, Dr. Kron changed the Plaintiff's mental diagnosis from PTSD to Schizophrenia, deeming the Plaintiff unfit for duty.

(1)



FILED
AUG 13 2018
CLERK'S OFFICE
DETROIT

Human Resource Manager Lee Ward then made a medical directive that the Plaintiff must take medications and receive treatment for a mental condition that the Plaintiff does not have, in order to return to work. Following this unlawful directive would have had caused serious health issues to the Plaintiff. At the time, this unlawful directive was made, the Plaintiff had an active FMLA Case for the treatment of PTSD. The Plaintiff was under the care of Psychiatrist, Dr. Luis Pomodoro and was being seen on a weekly basis. The Plaintiff never received any disciplinary actions for conduct, work practices or attendance. The Plaintiff was in treatment for PTSD from August of 2009 thru March of 2012.

Despite having numerous medical releases to return to work, the Plaintiff was denied his right to work because of the unlawful medical directive. This lead to and was the sole reason that the Plaintiff was wrongfully terminated. Again, the Plaintiff never received any type of disciplinary action (s) for conduct, work practices or attendance.

### First EEOC Case (2010)

In this Case, Case No. I-J-483-0041-10, the Agency made a Final Agency Decision that No Discrimination was found. The Plaintiff appealed this decision to the Office of Federal Operations who then upheld the Plaintiff's rights and overturned the Defendant's decision.

The Plaintiff had a settlement hearing (Sept. 2011), in which the Defendant made no offer to settle. The Plaintiff was going through home foreclosure at the time and asked the settlement judge, how long the process would take. The Judge stated that it would take well over a year and informed the Plaintiff that if he withdrew his case, he would be able to have his case heard faster in Federal Court. Under the advice of the Judge, the Plaintiff withdrew his case in order to save his home.

The Plaintiff was unable to find a lawyer to take his case and was unable emotionally to present the case himself. The Plaintiff was sexually assaulted by the Defendant and was still in treatment for PTSD.

(2)

The Settlement Judge also ordered the Defendant to file a second Final Agency Decision on the same case because at the time that the Plaintiff withdrew the case, there wasn't a Final Agency Decision on file. This order was made one week after the Plaintiff had already withdrew his case.

It is important to note that the Defendant had the opportunity to appeal the ruling of the Office of Federal Operations.

And that EEOC internal to the Post Service is made up of Postal Managers, ie Postal Managers found No Discrimination by Postal Managers.

The Plaintiff unable to represent himself, then filed his case with the Merit Service Protection Board who ruled that they had no jurisdiction over the case and barred the Plaintiff from proceeding with his case. The Plaintiff asked for reconsideration, in a last-ditch effort to save his home from foreclosure. The only option that was granted to the Plaintiff was to appeal his eligibility with the Sixth Circuit Court of Appeals. The Plaintiff is not eligible and wrongly thought that he was because the Defendant gave the Plaintiff, veterans preference and a 5-point rating after reviewing the Plaintiff's DD-214.

## Plaintiff's second EEOC Case

Plaintiff took Dr. Kron's Opinion (March 2011) and his treatment records from Oakland Psychological (Aug 2009- March 2012) to the Ann Arbor V.A. Hospital and was seen for a full psychiatric exam conducted by Psychiatrist Dr. Howard Shapiro, MD, who over the course of several appointments agreed that the Plaintiff does in fact have PTSD, does not require any type of medication and was not currently experiencing any type of psychiatric problem. He gave the Plaintiff a 20+ page report and a medical release to return to work without any restrictions.

The Defendant once again denied the Plaintiff, his right to work. Solely because of the unlawful medical directive made by Human Resource Manager Lee Ward. No employer has the right to impose medical treatment or medications on any employee, as a condition of their continued employment. This is a civil rights violation.

(3)

The Plaintiff brought forward all evidence from his first EEOC Case, showing that he was discriminated against and was victimized by the Defendant.

The Plaintiff also brought up the fact that his FMLA Rights were violated having never been granted a third opinion.

The Defendant then pulled out their second Final Agency Decision from the Plaintiff's first case and argued "Res judicata" The EEOC Judge then ruled in favor of the defendant.

"Res judicata should have been leveled against the defendant and it wasn't, under the EEOC Judge's ruling the Defendant had the right to re-open a case that was already withdrawn by the Plaintiff. Forcing the Plaintiff to re-litigate a case that the Plaintiff had already appealed and won.

At the time, the second Final Agency Decision was made, the Plaintiff had already filed the same case with the Merit Service Protection Board.

As it pertains to the Plaintiff's FMLA Rights, the defendant argued that EEOC does not have jurisdiction over FMLA Cases citing Lee Anderson v. Postal Service. The Judge agreed.

The Plaintiff then combined both his first and second cases into one appeal and once again appealed them to the Office of Federal Operation, who in return granted the Plaintiff the right to bring his case to Federal Court. Who in turn, made a timely filing with the Court.

### Plaintiff's third EEOC Case

This is the Plaintiff's termination case, due solely to the fact that the Plaintiff was denied his right to return to work for not following an unlawful medical directive made by Human Resource Manager Lee Ward.

(4)

Lee Ward not only choose the Plaintiff's medical diagnosis, he also mandated that the Plaintiff receive treatment (s) and medication (s) as a condition of his continued employment.

When asked in his sworn affidavits, in the third case, Lee Ward stated that he did not know why the Plaintiff was not given a third opinion. Lee Ward committed perjury. Stating that he had nothing to do with it, internal emails show that he is the one who made the medical directive and that he was one of the driving forces in sending Plaintiff to the March 2011 Fitness for Duty Exam with Dr. Kron.

Following this medical directive, would have caused serious damage to the Plaintiff's health and mental well-being. The Plaintiff does not have the Mental Disability that Lee Ward chose.

In fact, the Plaintiff was receiving treatment and was under the care of his Psychiatrist for PTSD at the time.

The Plaintiff was fired for being in a Leave without Pay Status, which is an attendance violation.

All Attendance Violations are handled by disciplinary action (s) which is to be corrective in nature and not punitive.

Starting with a letter of warning, working up to a 7 day, then 14-day suspensions, Last Chance Agreement and finally termination.

US Postal Service's Employee Labor Relations Manual, 564.65 states that when there is a difference of Medical Opinion in Fitness for Duty Exams that the Plaintiff is to be put on Paid Administrative Leave. Meaning that the Plaintiff should have never been terminated for Attendance or lost his home to Foreclosure.

(5)

## Plaintiff's Objections to Mag. Judge R. Steven Whalen's Ruling

### A. The Plaintiff's FMLA Rights were willfully and knowingly violated by the Defendant. The Defendant not only interfered with the Plaintiff's rights and protections, they flat out denied them.

Evidence shows that the Plaintiff had an active FMLA Case, when he was retaliated against for the treatment of PTSD. And was forced to attend the March 2011 Psychiatric Fitness for Duty Exam.

That there were no legal bases for sending the Plaintiff to the exam, the Plaintiff never received any disciplinary action (s) for conduct, work practices or attendance.

The Plaintiff never threatened anyone and was not a threat to himself or others.

The sole reason that the Plaintiff was forced to attend the Fitness for Duty Exam was he filed grievances against Manager Tim Robertson for coming back to the Plaintiff's place of employment on quote "visits" and harassing/ tormenting the Plaintiff.

This is proven in the Plaintiff's supervisor, Glen Kirn's sworn affidavits. Glen Kirn also stated that he had has knowledge of Plaintiff's 2008 PTSD Breakdown at the Priority Main Center and that an ambulance was called for the Plaintiff. In the same answer goes on to stated that there was a staffing problem.

Plaintiff also points out that there were two fitness of duty requests made, first one was by the managers involved in Plaintiff's EEOC Cases. The Plaintiff did not attend, on the second Glen Kirn was forced to make the request.

In June of 2010, Manager Tim Robertson sat in EEOC Mediation with the Plaintiff and admitted to witnessing the Plaintiff's Dec 2008 PTSD Breakdown which is the focus of all three EEOC Cases.

(6)

During which time, all of the Plaintiff's allegations were discussed to include his Aug 2009 Sexual Assault. The Defendant was fully aware that the Plaintiff was seeking justice for the injustices that he endured.

That the Plaintiff was never granted his FMLA Right to a third opinion, under FMLA Law. The second opinion is not binding, the March 2011 Fitness for Duty Exam is the second opinion.

The Defendant failed to act in good faith, as a result the Plaintiff's first opinion is binding. The Defendant has no legal argument against this, again the Plaintiff's work practices and conduct were never in question, ie no disciplinary action was ever brought against the Plaintiff for either.

As for timeliness, the Defendant has no legal argument. The Plaintiff filed his FMLA Case in Dec of 2010 and it was enforced thru Dec of 2011. The Plaintiff addressed this issue in all three EEOC Cases. Plaintiff's second EEOC Case was filed in or around May 2013.

The Plaintiff filed for FMLA Protection at the request of the Plaintiff's Supervisor who informed him that the managers were planning to come after him. They found out the Plaintiff's first EEOC Case was going forward. This is also proven by the managers internal e-mails.

B. The Plaintiff's Civil Rights were violated by the Defendant

No employer has the right to force an employee to receive treatment (s) or to take medication (s) for any medical condition, mush less for a mental illness that the Plaintiff does not have.

In the Plaintiff's case, he was in treatment and already under Psychiatric Care for PTSD, as proven by the evidence which was brought forward and is before the Court.

(7)

That the Defendant was fully aware that the Plaintiff had a full-blown PTSD Breakdown at the US Postal Service's Priority Mail Center, in Dec of 2008. That an ambulance was called for the Plaintiff. That the Plaintiff was torment and victimized by the Defendant during his breakdown and recovery period. That he got into a staffing argument which was turned into a racial one by an employee who wanted overtime pay. That this same employee sexually assaulted the Plaintiff.

That the Defendant has a moral and legal responsibility to investigate all crimes brought to their attention, this was not done.

Had the US Postal Inspectors did an investigation, they would have discovered that the ambulance was called, would have spoken to the to EMT, found out that it happened on Plaintiff's off day. Spoke with the Plaintiff and managers involved. None of this happened the only thing that the Inspectors did was take an incident report from the Plaintiff, which was submitted into evidence by the Plaintiff. (third Case)

### C. The Plaintiff's Contractual Due Process Rights were violated by the Defendant

According to the contract, in Psychiatric Fitness for Duty Exams when there is a difference of medical opinion, the Plaintiff should have been placed on Paid Administrative Leave and his case is to be turned over to OWCP.

This never happened, if it had, the Plaintiff would have never been terminated for attendance violations or loss his home to foreclosure. The Plaintiff would have never faced the extreme emotional financial difficulties that the Plaintiff was forced to endure.

The Plaintiff was fired for attendance violations, all attendance violations are to be addressed through disciplinary action (s) in corrective manner that is not punitive in nature. This was not done; the Plaintiff never received any disciplinary action (s) for attendance prior to being terminated.

(8)

As a result, the Plaintiff was also denied his due process rights to the grievance/arbitration process along with the disciplinary process.

The Plaintiff was denied his right to Higher Level Review and Concurrence. This is proven by the sworn affidavits of District Manager Patricia Dawson and Dennis Meagher, either one knew anything about the Plaintiff's case. Stating over and over, that they did not know, in answer the questions (third Case).

### D. The Defendant engaged in Medical Fraud

As explained to the Plaintiff by the Plaintiff's Psychiatrist Dr. Luis Pomodoro. A psychiatrist makes medical opinions based on what he/she sees, reads and hears. There are no tests commonly used in the medical field such as blood tests, x-rays, or other procedures in determining a Person's Mental Diagnosis.

In this case, Managers Tim Robertson and Jackie Bowman made statements that were false, they did not tell the truth. As a direst result, the Defendant's Psychiatrist deemed the Plaintiff unfit for work and diagnosis him with a mental disorder that the Plaintiff does not have.

Jackie Bowman (Plant Manager) was at the Priority Mail Center, the night of the Plaintiff's PTSD Breakdown. She is fully aware of the staffing argument, that the Plaintiff was being harassed and torment. Jackie Bowman is aware of Plaintiff's sexual assault and that the employee who sexually him attempted to continue to harass the Plaintiff by filing an EEOC Complaint against him. The EEOC Complaint was cited by the Plaintiff as another example of the harassment and torment that he endured.

Tim Robertson is the manager who allowed employees to harass and torment the Plaintiff. That this was allowed to continue by Jerry Barnwell, was at the Plaintiff's home the night Jerry Barnwell sexually assaulted the Plaintiff, is aware that this same employee turned a staffing argument into a racial. Tim Robertson openly admitted to being present the night of Plaintiff's Dec 2008 Breakdown, stating that he witnessed it during EEOC Mediation. This is the same night of the staffing argument, in which an ambulance was called.

(9)

Had these two managers told the truth, not only would the Defendant's Psychiatrist have agreed with the Plaintiff's Psychiatrist that he in fact has PTSD. But the Plaintiff would have also been able to get justice through a criminal investigation

As it stands, the denials and lies of these two managers is helping to prevent a sex offender from being brought to justice and directly lead to the Plaintiff's termination.

### E. Plaintiff's Title VII Rights were violated

The Plaintiff can prove thru the Sworn Affidavits and internal e-mails between the managers involved in the Plaintiff's Case before the Court that he worked in a hostile work environment, that he was harassed/ tormented, that he was directly retaliated against and given disparities treatment to other employees.

The Plaintiff proved that he worked in hostile environment and that he was harassed, the Office of Federal Operations overturned the Postal Service's Final Agency Decision.

The Sworn Affidavits of the Plaintiff's Supervisor, Glen Kirn stated that the reason that the Plaintiff was sent to a Psychiatric Fitness for Duty Exam was that he filed grievances against Manager Tim Robertson due to Robertson's continued harassing/ tormenting of the Plaintiff.

Internal e-mails from the managers involved in the. Plaintiff's EEOC Case, prove that the decision to send the Plaintiff to a Psychiatric Fitness for Duty Exam was made after Manager Jackie Bowman found out that the Plaintiff's first EEOC Case was going forward.

That the Plaintiff was denied his contractual rights, due process rights that are granted to all employees. That he was denied his rights under FMLA.

(10)

## F. Res judicata

EEOC should have ruled that Res judicata be applied to the Defendant and not the Plaintiff. The Plaintiff had already appealed the Final Agency Decision with the Office of Federal Operations and won his appeal. The Defendant should not have been allowed to produce a second Final Agency Decision that found was again that there was No Discrimination Found, on the exact same case.

Furthermore, at the time the second Final Agency Decision was produced the Plaintiff was in the process of filing his case with the Merit Service Protection Board, trying to save his home from foreclosure.

The US Postal Service had the opportunity to appeal the Office of Federal Operation's Decision and either failed to do so or loss their appeal.

EEOC internal to the US Postal Service is made of Postal Managers, i.e. Postal Managers found No Discrimination by Postal Managers. The second Final Agency Decision should be thrown out, on its face, due to the fact that the Defendant's position was already overturned.

The second Final Agency Decision was not requested by the Plaintiff. It was requested by the EEOC Settlement Judge due to the fact that there was not one on file at the time the Plaintiff withdrew his case, in an effort to save his home from foreclosure,

.

This request was made one week after the Plaintiff withdrew his case.

The Plaintiff's Evidence in Support of his Objections are
The Sworn Affidavits by the Managers involved, emails and Statements
found in the Case which is before the Court along with
the Plaintiff's Sworn Affidavits and evidence

The Plaintiff does not have a listing of Docket Numbers and is not part of the Court's EFC System. The Plaintiff will submit his evidence, which will be copies of the fore mentioned found in the Case which is before the Court, in such an order that the evidence will speak for itself, the Plaintiff knows no other way to present the evidence and respectfully ask the Court to read and review, the Plaintiff's evidence in support of his objections.

In closing, the Plaintiff would also like to inform the Court, that the Plaintiff experienced yet another problem with the delivery of mail. Plaintiff received his copy of Judge Whalen's decision on Aug. 4th, the envelope is dated stamped Aug. 1st. Courts certification states Decision was mailed July 26th. Plaintiff does not know what caused the delay. And will be for purposes of this case, change his mailing address within the next 14 Days. Due to fact that the Plaintiff is moving next month and does not want to risk contributing to yet another delay in his mail service.

Due to the amount of evidence being present to the Court from the Case which is before the Court. The Plaintiff's evidence in support of his Objections will be presented separately from the Objections and mailed together.

Respectfully Submitted,

*Michael J. Sands*

Michael J. Sands,
Pro se Plaintiff
37725 Scotsdale Circle
Apt. 301
Westland, Mi. 48185
(313) 587-4396
mpemech3@yahoo.com

(12)

## Certificate of Service

I, Michael J. Sands, Pro se Plaintiff hereby certify under the penalties of perjury that the Plaintiff sent copies of his 13-page Appeal of Mag. Judge R. Steven Whalen's ruling in Plaintiff's Motion for Summary Judgement supported by the Plaintiff's Objections to the Court, Clerk's Office, Assistant District Attorney Vanessa Mays and Magistrate Judge R. Steven Whalen.

And that, I, Michael J. Sands also sent copies of Plaintiff's 58-page, Evidence in support of his Objections to the Court, Clerk's Office, Assistant District Attorney Vanessa Mays and Magistrate Judge R. Steven Whalen.

That both documents were sent on this day of Aug. 11th, 2018 via US Priority Mail.

Respectfully Submitted       *Michael J. Sands*

Michael J. Sands
Pro se Plaintiff
37725 Scotsdale Circle
Apt. 301
Westland, Mi. 48185
(313) 587-4396
mpemech3@yahoo.com

(13)





PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
REDFORD, MI
48239
AUG 11, 18
AMOUNT
**$6.70**
R2304M111965-09

1022   48226

# PRIORITY® ★ MAIL ★

 DATE OF DELIVERY SPECIFIED*
 USPS TRACKING™ INCLUDED
 INSURANCE INCLUDED
 PICKUP AVAILABLE
* Domestic only


RECEIVED
AUG 13 2018
CLERK'S OFFICE
U.S. DISTRICT COURT

FROM: Michael J. Sands
37725 Scotsdale Circle
Apt. 301
Westland, Mi. 48185

TO: U.S. District Courthouse
Office of the Clerk
231 W. Lafayette Blvd.
Detroit, Mi. 48226

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

Expected Delivery Day: 08/13/2018
**USPS TRACKING NUMBER**


9505 5135 2202 8223 2711 18

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


UNITED STATES
POSTAL SERVICE