UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. SANDS,

  Plaintiff,

v.

                Case No. 16-cv-12860

                HON. MARK A. GOLDSMITH

MEGAN J. BRENNAN, POSTMASTER
GENERAL OF THE UNITED STATES

  Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (DKT. 57), (2) ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED JULY 26, 2018 (DKT. 55), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 45), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 48)**

Plaintiff Michael J. Sands filed this civil rights action under the Rehabilitation Act, 29 U.S.C. § 794, et seq., against Defendant Megan J. Brennan, Postmaster General, United States Postal Service ("USPS"). See Compl. (Dkt. 1). The matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings. See Order of Referral (Dkt. 4). The parties filed cross-motions for summary judgment (Dkts. 45, 48). On July 26, 2018, the magistrate judge issued a Report and Recommendation ("R&R") (Dkt. 55). In the R&R, the magistrate judge recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment (Dkt. 55). Plaintiff filed timely objections (Dkt. 57), but Defendant did not. For the reasons that follow, the Court adopts the magistrate judge's R&R and dismisses this case with prejudice.

**I.  BACKGROUND**

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Sands was a maintenance mechanic at the USPS's Detroit Priority Mail Facility in Romulus, Michigan. He brought three Equal Employment Opportunity ("EEO") complaints arising out of his allegations that the USPS discriminated against him on the basis of his post-traumatic stress disorder ("PTSD"), and retaliated against him for filing EEO complaints. The magistrate judge found that Sands' failed to exhaust his administrate remedies with respect to his first EEO complaint, because it was filed four-and-a-half years after the 90-day period to appeal the agency's final decision. R&R at 10-11, PageID.832-833 (citing 29 C.F.R. § § 1614.407(a) and (c)).

With respect to Sands' second EEO complaint, the magistrate judge found that there was no direct or circumstantial evidence to establish a prima facie case of discrimination based on Sands' PTSD. R&R at 11-12, PageID.834-846. Indeed, Sands admitted that he did not "have any particular evidence that suggests or proves that [his termination] was based on the PTSD." R&R at 13, PageID.835. The magistrate judge further found that Sands had failed to offer any evidence that the USPS had sought out other employees to replace him or that any other similarly-situated employees were treated more favorably than Sands. Id.

Similarly, the magistrate judge found that with respect to Sands' third EEO complaint, he did not provide evidence that he was removed from the USPS's employment rolls because of his PTSD. R&R at 14, PageID.836. Plaintiff had been on leave without pay since June 6, 2011, and was separated effective January 23, 2015. Id. Under the USPS's regulations, "[a]t the expiration of 1 year of continuous absence without pay, an employee who has been absent because of illness may be separated for disability." Employee & Labor Relations Manual, section 365.342(a). The magistrate judge observed that Sands' did not bring forth any evidence that anyone else in his

situation had been treated any differently. R&R at 14, PageID.836. Additionally, the magistrate judge found that Sands could not show that the USPS retaliated against him. Id. at 15, PageID.837. The magistrate judge reasoned that even if Sands could establish a prima facie case, the USPS had articulated a non-discriminatory reason for his removal from the employment rolls (he was in non-pay status for more than a year), and Sands did not provide any evidence that the reason proffered by the USPS was pretext for discrimination. Id.

In response to the magistrate judge's R&R, Sands filed objections fashioned as an appeal from the magistrate judge's R&R. In the so-called appeal, Sands lists seven objections to the R&R.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

Despite listing seven objections to the magistrate judge's R&R, Sands does not identify any specific defect in the magistrate judge's R&R, and he does not set forth any factual basis or legal authority to support a conclusion that the magistrate judge erred. Instead, Sands rehashes the arguments that he made in his motion for summary judgment. A party's "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."

3

Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general," Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006 (quoting Miller, 50 F.3d at 380), and "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections," Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004).

Sands also filed numerous exhibits in support of his objections, which he says speak for themselves. Objs. at 12, PageID.853. He says that he "knows of no other way to present the evidence and respectfully ask[s] the Court to read and review, the Plaintiff's evidence in support of his objections." However, it is not the job of the Court to make arguments on Sands' behalf when he fails to provide his own legal analysis. See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). The failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. See Thomas v. Arn, 474 U.S. 140, 149 (1985). Accordingly, Sands has waived any objections to the R&R. Nonetheless, the Court has reviewed Sands' submissions and sees nothing on the face of those submissions supporting any claim of error with the magistrate judge's R&R, which the Court has also reviewed and determines reached the correct result for the right reasons.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Sands' objections (Dkt. 57), accepts the recommendation contained in the magistrate judge's R&R (Dkt. 55), **DENIES** Sands' motion

4

for summary judgment, and **GRANTS** Defendants' motion for summary judgment.  This case is

**DISMISSED WITH PREJUDICE**.

      SO ORDERED.

Dated:  September 13, 2018                      s/Mark A. Goldsmith
       Detroit, Michigan                     MARK A. GOLDSMITH
                                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2018.

                                                    s/Karri Sandusky
                                                    Case Manager